# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 4:08CR168 |
| v. | § | |
| | § | |
| DIANE WALLACE | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS

This matter having been referred by the Honorable Marcia Crone, the Court has considered Defendant's Motion to Suppress (Dkt. 116). After considering the evidence presented and the arguments of counsel at the October 29, 2008 hearing, the Court finds that the motion should be denied.

Defendant has filed a motion to suppress what appears to be any evidence that could be used against her in this case. While Defendant's written motion makes no references to any specific facts of the case, at the hearing before the Court, Defendant argued that the traffic stop in this case was made without probable cause and that the subsequent search of her person and vehicle violated her Fourth Amendment rights.

The Government responds that the stop was valid because Defendant was observed failing to properly stop at a crosswalk, in violation of the Texas Transportation Code. The Government further argues that Defendant appeared nervous when stopped and consented to the search of her car.

### EVIDENCE PRESENTED

At the hearing, the Government offered testimony of Officer Samuel Lujan, with the Coppell

1

Police Department, Officer Jose Fonseco with the Dallas Police Department, Officer Chris Williams with the Irving Police Department, and Officer Raphael Esparza with the Irving Police Department. Defendant called no witnesses but offered photographs of the intersection in question.

## ANALYSIS

It is undisputed that Defendant's car was stopped after being observed during surveillance related to suspected drug trafficking. Apparently, Defendant was followed after officers observed the transfer to her car of a box containing what was suspected to be (and, after the stop, what was ultimately discovered to be) approximately 4.5 pounds of marijuana. Defendant now seeks to suppress the discovery of this evidence against her.

First, the Court addresses Defendant's contention that the stop was improper. The Government argues that the stop of Defendant's car was proper because it was made only after Defendant was observed committing a wholly separate traffic violation. Police officers may stop a vehicle when there is probable cause to believe a traffic violation has occurred. *United States v. Khanalizadeh*, 493 F.3d 479, 482 (5th Cir. 2007). "The rule established by the Supreme Court in *Whren* allows officers to justify a stop by the occurrence of a traffic violation even though this is not the real reason for the stop." *United States v. Cole*, 444 F.3d 688, 689 (5th Cir.2006) (citing *Whren v. United States*, 517 U.S. 806, 810, 116 S. Ct. 1769, 135 L. Ed.2d 89 (1996)). However, the legal justification for the traffic stop must be "objectively grounded." *Id.*

Having heard the testimony and considered the evidence presented, the Court finds that there was probable cause to believe that a traffic violation had occurred and that the grounds for the stop was objectively grounded. Specifically, Officer Williams testified that he observed Defendant's car's front tires cross over onto the lines of a pedestrian crosswalk, in violation of the Texas

Transportation Code. Similarly, Officer Esparza indicated that, while he was given information about possible narcotics in the vehicle, the reason for the stop was Defendant's failure to stop at a proper point. While Defendant pointed to some possible inconsistencies as to whether Defendant's tires had actually crossed into the crosswalk or had merely crossed over onto the painted lines of the crosswalk, the Texas statute requires drivers to stop *at the crosswalk*. *See* TEX. TRANSP. CODE § 544.007. The evidence presented is sufficient to show probable cause to believe Defendant did not do so, and the stop was proper.

Next, Defendant argues that the scope of Defendant's consent to search her car did not extend to the box containing the marijuana. The undisputed testimony was that Defendant appeared nervous when stopped and that she gave officer Raphael Esparza express consent to search her vehicle. Upon entering the vehicle he detected the smell of marijuana and discovered the box of marijuana in the backseat. The fact that Officer Esparza had to open the box to actually discover the marijuana that he smelled upon entry does not eviscerate the effect of Defendant's consent to search her car. The Court finds that Defendant gave her consent voluntarily and that the marijuana was discovered pursuant to a lawful stop. Therefore, the Court recommends that the District Court **DENY** Defendant's Motion to Suppress.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of November, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE